# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on November 15, 2007

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| | : | **GRAND JURY ORIGINAL** |
| **v.** | : | |
| | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 1959(a)(5)** |
| **WILLIAM CORDOVA,** | : | **(Conspiracy to Commit Violent Crimes in** |
| also known as Centinella | : | **Aid of Racketeering);** |
| also known as Mario | : | **18 U.S.C. § 1959(a)(1)** |
| | : | **(Murder in Aid of Racketeering);** |
| **JOSE GUTIERREZ** | : | **18 U.S.C. § 1959(a)(3)** |
| also known as Astuto | : | **(Assault with a Dangerous Weapon in Aid** |
| also known as Marco | : | **of Racketeering);** |
| | : | **18 U.S.C. § 922(g)(5)(A)** |
| **WILLIAM OSORIO-RIVAS** | : | **(Illegal Alien in Possession of a Firearm);** |
| also known as Macklin | : | **18 U.S.C. § 924(c)(1)(A)** |
| | : | **(Using, Carrying and Possessing a** |
| **MELVIN SORTO** | : | **Firearm During and in Relation to a** |
| also known as Killer | : | **Crime of Violence);** |
| also known as Fantasma | : | **22 D.C. Code §§ 2101, 4502** |
| | : | **(First Degree Premeditated Murder while** |
| **Defendants.** | : | **Armed);** |
| | : | **22 D.C. Code § 401, 4502** |
| | : | **(Assault with Intent to Kill while Armed);** |
| | : | **22 D.C. Code §§ 4504(b)** |
| | : | **Possession of a Firearm During a Crime** |
| | : | **of Violence or Dangerous Offense);** |
| | : | **18 U.S.C. § 1959(a)(2)** |
| | : | **(Maiming in Aid of Racketeering);** |
| | : | **18 U.S.C. § 1959(a)(4)** |
| | : | **(Threatening to Commit a Crime of** |
| | : | **Violence in Aid of Racketeering);** |
| | : | **18 U.S.C.  § 2** |
| | : | **(Aiding and Abetting);** |
| | : | **22 D.C. Code § 1805** |
| | : | **(Aiding and Abetting)** |

# I N D I C T M E N T

The Grand Jury charges that:

## COUNT ONE

### CONSPIRACY TO COMMIT VIOLENT CRIMES IN AID OF RACKETEERING ACTIVITY

**A.     THE ENTERPRISE**

At all times relevant to this Indictment:

1.      The defendants, WILLIAM CORDOVA, also known as Centinella, also known as Mario (hereinafter WILLIAM CORDOVA), JOSE GUTIERREZ, also known as Astuto, also known as Marco (hereinafter JOSE GUTIERREZ), WILLIAM OSORIO-RIVAS, also known as Macklin (hereinafter WILLIAM OSORIO-RIVAS), and MELVIN SORTO, also known as Killer, also known as Fantasma (hereinafter MELVIN SORTO), were members and associates of a criminal organization known as La Mara Salvatrucha, also known as MS-13.  MS-13 is a violent gang involved in a variety of criminal activities including assaults, threats, extortion, witness intimidation, aggravated assault, assaults with intent to kill, and murder in the District of Columbia, Maryland, Virginia, and elsewhere.

2.      MS-13 has operated in the District of Columbia since at least 2005.  MS-13 was established in El Salvador and, although it operates there and elsewhere in Central America, it has spread throughout the United States.  MS-13 has members and associates in Virginia, Maryland, New York, Washington D.C., North Carolina, and elsewhere in the United States.  MS-13 recruits predominantly juveniles from Hispanic communities in, but not limited to, Washington D.C., Maryland, and Virginia.  Recruits are "jumped-in" to the gang by being physically beaten by members, while members count to 13.  MS-13 gang members often tattoo their bodies to identify

their membership in, and allegiance to, MS-13, although some members deliberately avoid such tattoos in an effort to avoid detection by law enforcement.  MS-13 gang tattoos typically include large block "M" and "S" letters, the number "13," the member's clique, and the MS-13 hand sign: an inverted "M" and the face of the devil with outstretched fingers representing the devil's horns. The tattoos are commonly located on members' shoulders, chest, and back, but sometimes are even placed on their necks, chins, foreheads, and knuckles.

3.      New recruits are indoctrinated with the MS-13 rules, which are ruthlessly enforced. One prominent rule encourages MS-13 gang members to confront, fight, assault, and kill rival gang members, known as "chavalas."  Unreasonable refusal to confront and fight "chavalas" is punishable by beatings, if not death.  MS-13 confronts, fights, assaults, and kills rival gang members in Washington D.C., Maryland, Virginia, elsewhere in the United States, and in foreign countries, including but not limited to, El Salvador.

4.      Another prominent MS-13 rule is the code of silence, which commands silence about gang activity and forbids cooperation with law enforcement.  The sanctions for violating the code of silence include beatings, threats, and death.  The punishment for those who cooperate with the government and provide information to law enforcement serve as a clear warning to others who might consider informing on MS-13.  Orders from MS-13 members in El Salvador direct local MS-13 members to punish or even kill persons suspected of cooperating with law enforcement.

5.      The MS-13 gang is broken into cliques that hold regular individual meetings. Local MS-13 cliques in Washington D.C. send clique leaders to larger regional, or general, meetings to maintain control and resolve problems within the gang.  Regional meetings are held in Washington D.C., Maryland, Virginia, and elsewhere.  Local MS-13 meetings typically are held in apartments,

parks, and elsewhere in the District of Columbia.  Attendance is mandatory among the membership

of MS-13, and unexcused absences are punishable by beatings.  At both local and regional meetings,

members of MS-13 pay money dues to the gang.  The money collected is used to assist MS-13

members imprisoned for gang activities or to fund MS-13 related activities in Washington D.C.,

Maryland, Virginia, elsewhere in the United States, and in foreign countries, including but not

limited to, El Salvador.  MS-13 wires money both nationally and internationally.

6.      MS-13, including its leadership, members, and associates, constitute an enterprise

as defined in Title 18, U.S.C. Section 1959(b)(2), that is, a group of individuals associated in fact

that engages in, and the activities of which affect, interstate and foreign commerce.  The enterprise

constitutes an ongoing organization whose members function as a continuing unit for a common

purpose of achieving the objectives of the enterprise.

OBJECTIVES OF THE ENTERPRISE

7.      The objectives of MS-13 include the following:

a.      Preserving, expanding, and protecting the power, territory, and prestige of

MS-13 in Washington D.C., Maryland, Virginia, and elsewhere, through the use of intimidation,

violence, and threats of violence.

b.      Promoting and enhancing MS-13's, and its members' and associates',

activities in Washington D.C., Maryland, Virginia, and elsewhere.

c.      Keeping victims in fear of MS-13 and in fear of its members and associates

through intimidation, violence, and threats of violence in Washington D.C., Maryland, Virginia, and

elsewhere.

d.      Confronting and retaliating against rival gangs in Washington D.C., Maryland, Virginia, and elsewhere, through the use of intimidation, violence, threats of violence, assaults, and murders.

e.      Funding MS-13 related activities and financially supporting members of MS-13 in Washington D.C., Maryland, Virginia, and elsewhere, who have been deported or imprisoned for gang-related activities.

MEANS AND METHODS OF THE ENTERPRISE

8.      Among the means and methods by which the defendants and their associates conduct and participate in the conduct of the affairs of MS-13 are the following:

a.      Members of MS-13 and their associates use intimidation, violence, and threats of violence, including murder and assault, to preserve, expand, and protect the enterprise's territory and activities in Washington D.C., Maryland, Virginia, and elsewhere.

b.      Members of MS-13 and their associates use intimidation, violence, and threats of violence, including murder and assault, to promote and enhance its prestige, reputation, and position in the community in Washington D.C., Maryland, Virginia, and elsewhere.

c.      Members of MS-13 and their associates promote a climate of fear through intimidation, violence, and threats of violence in Washington D.C., Maryland, Virginia, and elsewhere.

d.      Members of MS-13 and their associates use intimidation, violence, and threats of violence, including murder and assault, against various individuals, including known and suspected members of rival gangs located in Washington D.C., Maryland, Virginia, and elsewhere.

e.      Members of MS-13 use intimidation, violence, and threats of violence,

5

including assault, to discipline enterprise members and associates who violate enterprise rules in Washington D.C., Maryland, Virginia, and elsewhere.

        f.      Members of MS-13 use intimidation, violence, and threats of violence, including assault, to punish enterprise members and associates who are disloyal in Washington D.C., Maryland, Virginia, and elsewhere.

        g.      Members of MS-13 use vehicles and firearms, and transport them in interstate commerce, to attend and promote enterprise activities.

    9.      MS-13, through its members and associates, engages in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), namely, acts involving murder and extortion, in violation of laws of the District of Columbia and the Commonwealth of Virginia, and acts indictable under 18 U.S.C. §§ 1503 (obstruction of justice), 1512 (witness tampering), and1513 (witness retaliation).

## B.    THE CONSPIRACY

    10.    On or about June 2006, and continuing through June 2007, in the District of Columbia, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13 enterprise, an enterprise engaged in racketeering activity, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, the defendants, unlawfully and knowingly conspired together and with others known and unknown to the grand jury to murder rival gang members, to include, but not limited to, members of LC, 14th Street, or MOB, and persons that interfered with, or threatened, the objectives and purpose of the MS-13 enterprise, in violation of the laws of the District of Columbia, specifically, 22 D.C. Code Sections 1805a and 2101.

OVERT ACTS

11.     In furtherance of the conspiracy and in order to effect the objects thereof, defendants, coconspirators not indicted herein, and persons known and unknown to the Grand Jury, alone and in various combinations in the District of Columbia, the State of Maryland, the Commonwealth of Virginia, directly and indirectly committed overt acts including, but not limited to, the following:

a.     On July 30, 2006, WILLIAM CORDOVA and other members of MS-13, whose identities are unknown to the Grand Jury, in the City of Alexandria, Commonwealth of Virginia, while armed with a firearm, shot at a car that contained Dennis Diaz-Gutierrez, Josue Levia, and Jhosimar Alvarez-Torrez, individuals who WILLIAM CORDOVA and other members of MS-13, whose identities are unknown to the Grand Jury, believed to be members of a rival gang. During the shooting, Dennis Diaz-Gutierrez was shot in the leg.

b.     On or about April 22, 2007, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO talked about and then planned to kill members of three rival gangs: Latin Criminals, also known as LC (hereinafter referred to as LC), and 14th Street, and Money Over Bitches, also known as MOB (hereinafter referred to as MOB), in retaliation for earlier attacks on MS-13 members and associates.

c.     On or about April 22, 2007, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, entered a white Ford Expedition driven by WILLIAM OSORIO-RIVAS.  WILLIAM OSORIO-RIVAS drove the four men from the area of 11th and Lamont Streets, NW, Washington D.C., to a location in Washington D.C., that is known to the Grand Jury (hereinafter referred to as "location number one"), to obtain a firearm to be used in committing crimes of violence against rival gang members of LC, 14th Street, or MOB.

d.      Upon arriving at and entering location number one, WILLIAM CORDOVA and JOSE GUTIERREZ obtained a firearm, while WILLIAM OSORIO-RIVAS and MELVIN SORTO waited inside the white Ford Expedition driven by WILLIAM OSORIO-RIVAS.

e.      After obtaining the firearm from location number one, WILLIAM CORDOVA and JOSE GUTIERREZ re-entered the white Ford Expedition driven by WILLIAM OSORIO-RIVAS.  MELVIN SORTO was inside the vehicle as well.  WILLIAM OSORIO-RIVAS drove the four men in the white Ford Expedition to another location Washington D.C., that is known to the Grand Jury (hereinafter referred to as "location number two"), to obtain a second firearm to be used in committing crimes of violence against rival gang members of LC, 14th Street, or MOB.

f.      Upon arriving at location number two, WILLIAM CORDOVA and JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO obtained a second firearm to be used in committing crimes of violence against rival gang members of LC, 14th Street, or MOB.

g.      After retrieving the second firearm, WILLIAM RIVAS drove WILLIAM CORDOVA, JOSE GUTIERREZ and MELVIN SORTO in the white Ford Expedition to the area of the 2900 block of Sherman Avenue, seeking to execute revenge on rival gang members of LC, 14th Street, or MOB.

h.      WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, while inside the white Ford Expedition, drove around the area of the 2900 block of Sherman Avenue, NW, Washington D.C., several times looking for rival gang members of LC, 14th Street, or MOB in order to kill them in revenge for the earlier attacks on MS-13.

i.      WILLIAM OSORIO-RIVAS drove the white Ford Expedition to a location near the 2900 block of Sherman and parked the vehicle.  WILLIAM OSORIO-RIVAS and MELVIN

SORTO waited inside the vehicle while WILLIAM CORDOVA and JOSE GUTIERREZ, while each was armed with a firearm, exited the vehicle in order to execute revenge on rival gang members of LC, 14th Street, or MOB.

j.      After exiting the white Ford Expedition, WILLIAM CORDOVA and JOSE GUTIERREZ made their way to the intersection of Sherman Avenue and Columbia Road, NW, Washington D.C., and shot numerous times at rival gang members of MOB.

k.      As a result of the shootings by WILLIAM CORDOVA and JOSE GUTIERREZ, a member of the rival gang MOB, to wit: Edwin Ventura, also known as Cuz (hereinafter Edwin Ventura), was murdered, and a member of the rival gang MOB, to wit: Nelson Maldonado, also known as Son (hereinafter Nelson Maldonado), was shot in the leg.

l.      After committing the murder and assault described in overt act paragraph k, WILLIAM CORDOVA and JOSE GUTIERREZ ran back to the white Ford Expedition, where WILLIAM OSORIO-RIVAS and MELVIN SORTO were waiting.

m.      Upon entering the white Ford Expedition, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, drove away from the area of the 2900 block of Sherman Avenue, NW, Washington D.C.   WILLIAM CORDOVA, JOSE GUTIERREZ, and MELVIN SORTO fled to the Commonwealth of Virginia to avoid detection by law enforcement while WILLIAM OSORIO-RIVAS fled to the State of Maryland to avoid detection by law enforcement.

n.      On or about June 2006, and continuing through June, 2007, WILLIAM CORDOVA and JOSE GUTIERREZ, at various times, individually or together, threatened to kill Feliciana Esquina-Flores and her family members, whose identities are known to the Grand Jury,

because Feliciana Esquina-Flores was interfering with, and threatening, the objectives and purpose of MS-13 activities.

o.    On or about June 1, 2007, WILLIAM CORDOVA and JOSE GUTIERREZ, in the 3000 block of Georgia Avenue, NW, Washington D.C., shot Feliciana Esquina-Flores two times in the head because Feliciana Esquina-Flores was interfering with, and threatening, the objectives and purpose of MS-13 activities.

(**Conspiracy to Commit Violent Crimes in Aid of Racketeering Activity**, in violation of Title 18, United States Code, Section 1959(a)(5))

## COUNT TWO

## MURDER IN AID OF RACKETEERING ACTIVITY

1.    At all times relevant in this Indictment, the MS-13, as more fully described in paragraphs one through nine of Count One, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.    At all times relevant in this Indictment, the MS-13, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. Sections 1959(b)(1) and 1961(1), namely, acts involving murder and extortion, in violation of laws of the District of Columbia and the Commonwealth of Virginia, and acts indictable under 18 U.S.C. Sections 1503 (obstruction of justice), 1512 (witness tampering), and 1513 (witness retaliation).

3.      On or about April 22, 2007, in the District of Columbia, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13 enterprise, an enterprise engaged in racketeering activity, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, the defendants, unlawfully and knowingly murdered a rival gang member, to wit: Edwin Ventura, in violation of the laws of the District of Columbia, specifically, 22 D.C. Code Sections 2101 and 1805 (and did aid, abet, and assist in the commission of said offense.)

(**Murder in Aid of Racketeering Activity and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2)

## COUNT THREE

## ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING ACTIVITY

1.      At all times relevant in this Indictment, the MS-13, as more fully described in paragraphs one through nine of Count One, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.      At all times relevant in this Indictment, the MS-13, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. Sections 1959(b)(1) and 1961(1), namely, acts involving murder and extortion, in violation of laws of the District of Columbia and the Commonwealth of Virginia, and acts indictable under 18 U.S.C. Sections 1503 (obstruction of justice), 1512 (witness tampering), and 1513 (witness retaliation).

3.      On or about April 22, 2007, in the District of Columbia, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13 enterprise, an enterprise engaged in racketeering activity, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, the defendants, unlawfully and knowingly together and with others known and unknown to the grand jury assaulted a rival gang member, to wit: Nelson Maldonado, also known as Son, with a dangerous weapon, to wit: a firearm, in violation of the laws of the District of

Columbia, specifically, 22 D.C. Code Sections 402 and 1805 (and did aid, abet, and assist in the commission of said offense.)

(**Assault With A Dangerous Weapon in Aid of Racketeering Activity and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2)

## COUNT FOUR

### ILLEGAL ALIEN IN POSSESSION OF FIREARM

In and around April 2007, in the District of Columbia, the defendants, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, aliens illegally and unlawfully in the United States, unlawfully and knowingly possessed a firearm in and affecting commerce.

(**Illegal Alien in Possession of a Firearm**, in violation of Title 18, United States Code, Section 922(g)(5)(A))

## COUNT FIVE

### USING, CARRYING, AND POSSESSING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE

On or about April 22, 2007, within the District of Columbia, the defendants, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, did unlawfully and knowingly, use and carry during and in relation to, and possessed in furtherance of, a crime of violence which is prosecutable in a court of the United States, that is a violent crime in aid of racketeering as set forth and charged in Count 2 of this Indictment, which is re-alleged and incorporated as if fully set forth herein, a firearm.

**(Using, Carrying, and Possessing a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2)

## COUNT SIX

### USING, CARRYING, AND POSSESSING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE

On or about April 22, 2007, in the District of Columbia, the defendants, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, did unlawfully and knowingly, use and carry during and in relation to, and possessed in furtherance of, a crime of violence which is prosecutable in a court of the United States, that is a violent crime in aid of racketeering as set forth and charged in Count 3 of this Indictment, which is re-alleged and incorporated as if fully set forth herein, a firearm.

**(Using, Carrying, and Possessing a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2)

## COUNT SEVEN

## FIRST DEGREE MURDER (PREMEDITATE) WHILE ARMED

On or about April 22, 2007, in the District of Columbia, the defendants, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, while armed with a pistol, purposely and with deliberate and premeditated malice, killed Edwin Ventura, by shooting him with a firearm, that is a pistol, thereby causing injuries from which Edwin Ventura, died on or about April 22, 2007 (and did aid, abet, and assist in the commission of said offense.)

(**First Degree Premeditated Murder While Armed and Aiding and Abetting**, in violation of 22 D.C. Code Sections 2101, 4502, and 1805)

## COUNT EIGHT

## ASSAULT WITH INTENT TO KILL WHILE ARMED

On or about April 22, 2007, in the District of Columbia, the defendants, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, while armed with a pistol, assaulted Nelson Maldonado, with intent to kill him (and did aid, abet, and assist in the commission of said offense.)

(**Assault With Intent to Kill While Armed and Aiding and Abetting**, in violation of 22 D.C. Code Sections  401, 4502, and 1805)

## COUNT NINE

## POSSESSION OF A FIREARM DURING A CRIME OF VIOLENCE OR DANGEROUS OFFENSE

On or about April 22, 2007, in the District of Columbia, the defendants, WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO, did possess a firearm, that is a pistol, while committing the crime of murder as set forth in Count eight of this indictment.

(**Possession of a Firearm During a Crime of Violence or Dangerous Offense**, in violation of 22 D.C. Code § 4504(b))

## COUNT TEN

## MAIMING IN AID OF RACKETEERING ACTIVITY

1.      At all times relevant in this Indictment, the MS-13, as more fully described in paragraphs one through nine of Count One, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.      At all times relevant in this Indictment, the MS-13, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), namely, acts involving murder and extortion, in violation of laws of the District of Columbia and

the Commonwealth of Virginia, and acts indictable under 18 U.S.C. §§ 1503 (obstruction of justice), 1512 (witness tampering), and 1513 (witness retaliation).

3.      On or about June 1, 2007, in the District of Columbia, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13 enterprise, an enterprise engaged in racketeering activity, WILLIAM CORDOVA and JOSE GUTIERREZ, the defendants, unlawfully and knowingly together and with others known and unknown to the grand jury maimed Feliciana Esquina-Flores, in violation of the laws of the District of Columbia, specifically, 22 D.C. Code Sections 406 and 1805 (and did aid, abet, and assist in the commission of said offense.)

(**Maiming in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Section 1959(a)(2) and Title 18, United States Code, Section 2)

## COUNT ELEVEN

### THREATENING TO COMMIT A CRIME OF VIOLENCE
### IN AID OF RACKETEERING ACTIVITY

1.      At all times relevant in this Indictment, the MS-13, as more fully described in paragraphs one through nine of Count One, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.      At all times relevant in this Indictment, the MS-13, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), namely, acts involving murder and extortion, in violation of laws of the District of Columbia and

the Commonwealth of Virginia, and acts indictable under 18 U.S.C. §§ 1503 (obstruction of justice), 1512 (witness tampering), and 1513 (witness retaliation).

3.      On or about June 2006, and continuing through June, 2007, in the District of Columbia, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13 enterprise, an enterprise engaged in racketeering activity, WILLIAM CORDOVA and JOSE GUTIERREZ, the defendants, did unlawfully and knowingly individually and together threaten to commit a crime of violence to Feliciana Esquina-Flores, in violation of the laws of the District of Columbia, specifically, 22 D.C. Code § 1810.

(**Threatening to Commit a Crime of Violence in Aid of Racketeering Activity**, in violation of Title 18, United States Code, Section 1959(a)(4))

## COUNT TWELVE

### ILLEGAL ALIEN IN POSSESSION OF A FIREARM

In and around June 2007, in the District of Columbia, the defendants, WILLIAM CORDOVA and JOSE GUTIERREZ, aliens illegally and unlawfully in the United States, unlawfully and knowingly possessed a firearm in and affecting commerce.

(**Illegal Alien in Possession of a Firearm**, in violation of Title 18, United States Code, Section 922(g)(5)(A))

## COUNT THIRTEEN

### USING, CARRYING, AND POSSESSING A FIREARM DURING
### AND IN RELATION TO A CRIME OF VIOLENCE

On or about June 1, 2007, in the District of Columbia, the defendants, WILLIAM CORDOVA and JOSE GUTIERREZ, did unlawfully and knowingly, use and carry during and in relation to, and possessed in furtherance of, a crime of violence which is prosecutable in a court of the United States, that is a violent crime in aid of racketeering as set forth and charged in Count 10 of this Indictment, which is re-alleged and incorporated as if fully set forth herein, a firearm.

(**Using, Carrying, and Possessing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Sections 924(c)(1)(A))

## COUNT FOURTEEN

### USING, CARRYING, AND POSSESSING A FIREARM DURING
### AND IN RELATION TO A CRIME OF VIOLENCE

On or about June 1, 2007, in the District of Columbia, the defendants, WILLIAM CORDOVA and JOSE GUTIERREZ, did unlawfully and knowingly, use and carry during and in relation to, and possessed in furtherance of, a crime of violence which is prosecutable in a court of the United States, that is a violent crime in aid of racketeering as set forth and charged in Count 11 of this Indictment, which is re-alleged and incorporated as if fully set forth herein, a firearm.

(**Using, Carrying, and Possessing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Sections 924(c)(1)(A))

## COUNT FIFTEEN

### ASSAULT WITH INTENT TO KILL WHILE ARMED

On or about June 1, 2007, in the District of Columbia, the defendants, WILLIAM CORDOVA and JOSE GUTIERREZ, while armed with a pistol, assaulted Feliciana Esquina-Flores, with intent to kill her (and did aid, abet, and assist in the commission of said offense.)

(**Assault With Intent to Kill While Armed and Aiding and Abetting**, in violation of 22 D.C. Code Sections  401, 4502, and 1805)

## COUNT SIXTEEN

### POSSESSION OF A FIREARM A FIREARM DURING A CRIME OF VIOLENCE OF DANGEROUS OFFENSE

On or about June 1, 2007, in the District of Columbia, the defendants, WILLIAM CORDOVA and JOSE GUTIERREZ, did possess a firearm, that is a pistol, while committing the crime of assault with intent to kill while armed as set forth in Count fourteen of this indictment.

(**Possession of a Firearm During a Crime of Violence of Dangerous Offense**, in violation of 22 D.C. Code § 4504(b))

## COUNT SEVENTEEN

### ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING ACTIVITY

1.      At all times relevant in this Indictment, the MS-13, as more fully described in paragraphs one through nine of Count One, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign

19

commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.      At all times relevant in this Indictment, the MS-13, through its members and associates, engaged in racketeering activity as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), namely, acts involving murder and extortion, in violation of laws of the District of Columbia and the Commonwealth of Virginia, and acts indictable under 18 U.S.C. §§ 1503 (obstruction of justice), 1512 (witness tampering), and 1513 (witness retaliation).

3.      On or about July 30, 2006, in the Eastern District of Virginia and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13 enterprise, an enterprise engaged in racketeering activity, WILLIAM CORDOVA, the defendant, unlawfully and knowingly together with others known and unknown to the grand jury assaulted Dennis Diaz-Gutierrez, Josue Levia, and Jhosimar Alvarez-Torrez, with a dangerous weapon, to wit: a firearm, in violation of the laws of the Commonwealth of Virginia, specifically, Va. Code Ann. Section 18.2-51 and 18.2-18.

   (**Assault With a Dangerous Weapon in Aid of Racketeering Activity**, in violation of Title
   18, United States Code, Sections 1959(a)(3) and 2)

## COUNT EIGHTEEN

## ILLEGAL ALIEN IN POSSESSION OF A FIREARM

In and around July 2006, in the Eastern District of Virginia and elsewhere, the defendant, WILLIAM CORDOVA, alien illegally and unlawfully in the United States, unlawfully and knowingly possessed a firearm in and affecting commerce.

(**Illegal Alien in Possession of a Firearm**, in violation of Title 18, United States Code, Section 922(g)(5)(A))

## COUNT NINETEEN

## USING, CARRYING, AND POSSESSING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE

On or about July 30, 2006, in the Eastern District of Virginia and elsewhere, the defendant, WILLIAM CORDOVA, did unlawfully and knowingly, use and carry during and in relation to, and possessed in furtherance of, a crime of violence which is prosecutable in a court of the United States, that is a violent crime in aid of racketeering as set forth and charged in Count 17 of this Indictment, which is re-alleged and incorporated as if fully set forth herein, a firearm.

(**Using, Carrying, and Possessing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A))

## NOTICE OF SPECIAL FINDINGS

The allegations in Count Two of this indictment are hereby realleged as if fully set forth herein and incorporated by reference.  The defendants WILLIAM CORDOVA, JOSE GUTIERREZ, WILLIAM OSORIO-RIVAS, and MELVIN SORTO:

a.  were 18 years of age or older at the time of the offenses;

b.  intentionally killed the victim, Edwin Ventura (18 U.S.C. § 3591(a)(2)(A));

c.  intentionally inflicted serious bodily injury that resulted in the death of the victim, Edwin Ventura (18 U.S.C. § 3591(a)(2)(B));

d.  intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim Edwin Ventura, died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(c));

e.  intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offense, such that participation in such acts constituted a reckless disregard for human life, and the victim Edwin Ventura, died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D));

f.  in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense. (18 U.S.C. § 3592(c)(5)).

A TRUE BILL:


FOREPERSON.


Attorney of the United States in
and for the District of Columbia.