UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :    Criminal No. 08-167 (RJL) |
| v. | : |
| WILLIAM CORDOVA<br>also known as Centinella<br>also known as Mario | : |
| JOSE GUTIERREZ<br>also known Astuto<br>also known as Marco | : |
| WILLIAM OSORIO-RIVAS<br>also known as Macklin | : |
| MELVIN SORTO<br>also known as Killer<br>also known Fantasma | : |
|     Defendants. | : |

**GOVERNMENT'S MOTION FOR EXCLUSION
OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court to exclude 180 days from the calculation of time before which this matter must be brought to trial under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(8)(A). As grounds for this motion, the Government states as follows:

I. Factual Background

The indictment in this matter is the result of a long term investigation into the violent activities of a criminal organization that has operated in Washington, D.C., Maryland, Virginia, and elsewhere. The four defendants named in the 19-count indictment are charged with

conspiracy to commit violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). Count One of the indictment charges that William Cordova, also known as Centinella, also known as Mario (hereinafter "William Cordova"), Jose Gutierrez, also known as Astuto, also known as Marco (hereinafter "Jose Gutierrez"), William Osorio-Rivas, also known as Macklin (hereinafter "William Osorio-Rivas"), and Melvin Sorto, also known as Killer, also known as Fantasma (hereinafter "Melvin Sorto"), were members and associates of a criminal organization known as La Mara Salvatrucha 13 (hereinafter "MS-13"). MS-13 is a violent gang involved in a variety of criminal activities including assaults, threats, extortion, witness intimidation, aggravated assault, assaults with intent to kill, and murder in the District of Columbia, Maryland, Virginia, and elsewhere.

All four defendants are charged in Count Two of the instant indictment with murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). The charge of murder in aid of racketeering is a death penalty eligible charge. The government will proceed with the death penalty protocol for all four defendants. Generally speaking, the death penalty protocol is an extensive two phase process containing many sub-phases throughout the protocol itself. The first phase of the protocol begins at the United States Attorney's Office for the District of Columbia where an extensive review of the instant case, the defendants' histories, aggravating factors in favor of the death penalty and mitigating factors against the death penalty, and many other factors are considered before a formal recommendation whether to seek the death penalty is made by the United States Attorney. During this first phase of the protocol, defense counsel for all defendants are afforded the opportunity to present any and all mitigating factors on behalf of their clients in an effort to dissuade the United States Attorney from recommending the death penalty. At the

completion of the first phase, the United States Attorney's recommendation is forwarded to the Department of Justice for review by the Attorney General of the United States. Phase two encompasses another extensive review of the instant case by the United States Department of Justice including the recommendation of the United States Attorney, the aggravating and mitigating factors, and other factors as well. During the second phase of the protocol, defense counsel for all defendants are again afforded the opportunity to present any and all mitigating factors on behalf of their clients in an effort to dissuade the Attorney General of the United States from certifying the case to proceed with the death penalty.

The death penalty protocol may include the hiring of mitigation experts, examinations of the defendants, historical research into the defendants' families, and, their academic, criminal, medical, and social histories. Defendants William Cordova and Jose Gutierrez have little, if any, family in the United States. They are from El Salvador and speak mainly Spanish. Defendants Melvin Sorto and William Osorio-Rivas have lived in the United States for some time and have family in the local area. But Sorto and Osorio-Rivas are also natives of El Salvador, were raised in that country for many years, and speak Spanish as well. The use of translators throughout the entire case will be required. The investigation by both the government and the defense in preparation for the death penalty protocol and trial will likely include communications with many persons from and in El Salvador. Trips to El Salvador and other locations the defendants may have resided in, or traveled through, are likely.

Defendants William Cordova, Jose Gutierrez, and Melvin Sorto were apprehended at different places and times. They have been arraigned in several separate proceedings. William Cordova was arrested in North Carolina. Jose Gutierrez was arrested in New York. Melvin

Sorto was arrested in Maryland. As of the filing of this motion, defendant William Osorio-Rivas, has not yet been arrested and brought before this Court. The government has received information that defendant William Osorio-Rivas was recently deported to El Salvador. The government is proceeding with the formal protocol to secure his presence in the near future.

The evidence supporting the indictment was developed and gathered through various means over the course of a year long investigation. The government's evidence in this matter is the result of law enforcement investigating various crime scenes in varying jurisdictions. The evidence includes police reports from varying jurisdictions, physical evidence recovered from varying crime scenes, photographs from varying crime scenes and locations, ballistics recovered from varying crime scenes, ballistics reports, and additional physical evidence and photographs recovered from numerous search warrants that were executed at various times and locations relevant to this case.

The government is in the process of cataloging all the discovery, issuing BATES stamp numbers, scanning copies of all the discovery materials and recording the materials onto compact disc (hereinafter "CD") digital format. Given the volume of evidence on which the indictment in this case is based, discovery, death penalty protocol and trial preparation in this matter will be necessarily protracted and time-consuming. The government intends to release copies of the CD's containing the discovery materials on a rolling basis.

In addition, the government continues to investigate the violent activities of these defendants and their violent organization MS-13. Agents continue to investigate other violent crimes related to MS-13, and where appropriate, compare and analyze evidence that may have been recovered from varying crime scenes. The government's continuing investigation may

produce additional evidence and reports germane to this case. If such materials are produced, they will be made available to defense counsel on a rolling basis. Further, defense counsels' review of the discovery materials is likely to provoke specific requests for additional materials.

Lastly, given the government's continuing investigation into the violent activities of these defendants and MS-13, and the ensuing death penalty protocol, the government may, at some point in the future, supersede the instant indictment to include additional violent crimes, defendants, and additional aggravating factors in favor of the death penalty.

## II. Argument

The number of defendants, the remaining defendant to be apprehended, the death penalty protocol, the voluminous discovery materials, the government's continuing investigation, and the overall complexity and nature of this case justifies a 180-day exclusion from the statutory period in which this case must be tried under the Speedy Trial Act. In relevant part, the Speedy Trial Act, codified at Title 18, United States Code, Section 3161, states

> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and the making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Notwithstanding, the Speedy Trial Act includes a list of qualifications that, if present, exclude time from the Speedy Trial Act computation. The government respectfully submits that this Court find the following exclusions to the Speedy Trial Act computation.

First, 18 U.S.C. § 3161(h)(7) provides for the exclusion of a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not

run and no motion of severance has been granted." That provision has been interpreted by the Supreme Court to mean "all defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant." Henderson v. United States, 476 U.S. 321, 323 n. 2 (1986); see also United States v. Calle, 120 F.3d 43, 46 (5th Cir. 1997) ("in a multi-defendant prosecution . . . the Speedy Trial clock begins to run when the last co-defendant makes his initial appearance in court"), cert. denied, 118 S. Ct. 1202 (1998); United States v. Dota, 33 F.3d 1179, 1183 (9th Cir. 1994) ("generally the clock begins to run when the last co-defendant appears in court"), cert. denied, 514 U.S. 1052 (1995); United States v. Davenport, 935 F.2d 1223, 1229-1230 (11th Cir. 1991) ("the speedy trial clock did not begin to run until August 31, 1998, because all of appellant's co-defendants had not been apprehended"). In the instant case, the Speedy Trial Act time should not begin to run until all defendants, including William Osorio-Rivas, are apprehended and arraigned before this Court. At the very least, this Court should grant the government a reasonable amount of time to apprehend William Osorio-Rivas and bring him before this Court.

Second, 18 U.S.C. § 3161(h)(8)(A) allows the Court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the court shall consider when determining whether to exclude time pursuant to Section 3161(h)(8)(A). Where the Court finds that the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" the Court may exclude such

time as necessary to serve the ends of justice. See 18 U.S.C. §§ 3161(h)(8)(A) and 3161(h)(8)(B)(ii). The Court has broad discretion to grant an exclusion of time when, in its view, the case's complexity requires that counsel have additional time to prepare in order to ensure a fair trial. See United States v. Rojas-Contreras, 474 U.S. 231, 236 (1985). Thus, once all defendants are in custody and the Speedy Trial Act time begins to run, this Court should exclude a period of 180 days from the Speedy Trial Act calculation due to the complexity and nature of the case. The number of defendants, the language barrier, the possibility of the death penalty, the discovery materials covering varying offenses in varying locations and jurisdictions, and the nature of the evidence supporting the charges indeed make this case complex. An exclusion of time pursuant to 18 U.S.C. § 3161(h)(8)(A) is therefore justified to serve the ends of justice.

Applying the factors set forth in Section 3161(h)(8)(B), courts have routinely excluded reasonable periods of time in cases similar in scale and complexity to the instant case. The presence of multiple defendants in a charged conspiracy case has been frequently cited as the basis for exclusion of time, particularly if the case involves a series of separate overt acts and numerous defendants. See United States v. Butz, 982 F.2d 1378, 1381 (9th Cir.), cert. denied, 510 U.S. 891 (1993) (upholding trial judge's exclusion of time under Section 3161 (h)(8)(A) because case charging nine co-defendant conspiracy in a 29-count indictment was sufficiently "complex"), cert. denied, 510 U.S. 891 (1994). Similarly, the possibility of the death penalty being sought by the prosecution and imposed upon a defendant is a legitimate basis for exclusion of time. See United States v. Murillo 288 F.3d 1126, 1133 (9th Cir. 2002) (ends of justice exception to Speedy Trial Act requirements was warranted, and therefore defendant's right to a

speedy trial under STA was not violated; government was entitled to a reasonable time within which to exercise its discretion as to whether to seek the death penalty, and unusual and complex nature of case required more preparation time); see also United States v. Mathis, 96 F.3d 1577, 1581 (11th Cir. 1996), cert. denied, 520 U.S. 1213 (1997)(although district court did not set forth either orally or in writing its reasons for finding that the ends of justice served by granting a continuance outweighed best interests of public and defendant in speedy trial, continuance, for varying reasons, including the prosecution possibly seeking the death penalty, constituted "interests of justice" continuance, excludable under Speedy Trial Act).  District Courts have also ruled the same.  See United States v. DeLatorre, 2008WL 343012 (N.D. Ill. 2008)(district court excluded time under 18 U.S.C. § 3161(h)(8)(A) and (B) because it found that the "ends of justice served"-allowing defendants time to present mitigating evidence and experts to dissuade the Department of Justice from seeking the death penalty-outweighed the "best interest of the public and the defendant in a speedy trial" 18 U.S.C. § 3161(h) (8)(A)); and United States v. Storey, 927 F. Supp. 414 (D. Kan. 1996)(although district court could not grant defendant's motion to waive speedy trial, nature of complex charges, including death penalty, against defendant necessitated continuance as ends of justice served by granting continuance outweighed best interests of public and defendant in speedy trial, 18 U.S.C.A. § 3161(h)(8)(A), and (h)(8)(B)(ii)).

      The instant case is as "complex" as those described above in which courts have excluded time under Section 3161(h)(8)(A).  This indictment charges four defendants in a 19-count indictment.  The number of defendants, the varying offenses and locations, and the nature of the prosecution in this case immediately weigh in favor of this Court excluding time from the Speedy Trial Act computation.  The instant case is further complicated by the following.  All defendants

speak mainly Spanish, and many government witnesses speak Spanish as well; translators will be needed throughout the entire case. The government will release voluminous pages of documents and other discovery materials to the defendants. The materials will need to be reviewed by each defense attorney. The review will likely prompt motions by the defense that will be responded to by the government. An extensive death penalty protocol will require both the government and the defense to conduct lengthy investigations and make presentations in favor of, or against, seeking the death penalty. The government continues to investigate the violent activities of these four defendants and their MS-13 organization, and thus, a superseding indictment may follow. Considering all of the above, the instant case falls squarely within the "complex case" language of the Speedy Trial Act. The above cited authority supports a factual finding by this Court that this case is complex and that an exclusion of time under 18 U.S.C. § 3161(h)(8)(A) is justified to serve the ends of justice.

    The 180-day exclusion requested in this motion will serve both the United States and the defendants and insure that this significant, complex case is thoroughly investigated and prepared for the death penalty protocol and also for trial.

    WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court enter an Order excluding from computation under the Speedy Trial Act a period of 180 days, commencing when the last of the remaining defendant is brought before this Court or after a reasonable period of time is afforded to the government to attempt to bring the remaining defendant before this Court.

Respectfully submitted,

JEFFREY A. TAYLOR,
D.C. Bar No. 498610
United States Attorney

BY: _____/s/_____
GILBERTO GUERRERO, JR.
Assistant United States Attorney
KS Bar No. 19271
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4814
Washington, D.C. 20530
(202) 514-7298 (desk)
(202) 514-5199 (fax)
gilberto.guerrero@usdoj.gov (email)

_____/s/_____

NIHAR R. MOHANTY
Assistant United States Attorney
555 Fourth Street, N.W., Room 4120
Washington, D.C. 20530
(202) 514-7395
nihar.mohanty@usdoj.gov (email)

CERTIFICATE OF SERVICE

I hereby certify that, on the 20th day of June, 2008, a copy of the foregoing Motion for Exclusion of Time Under the Speedy Trial Act was served by electronic mail on all defense counsel.

_____/s/_____
GILBERTO GUERRERO, JR.
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Criminal No. 08-167 (RJL)** |
| | : | |
| v. | : | |
| | : | |
| **WILLIAM CORDOVA** | : | |
| also known as Centinella | : | |
| also known as Mario | : | |
| | : | |
| **JOSE GUTIERREZ** | : | |
| also known Astuto | : | |
| also known as Marco | : | |
| | : | |
| **WILLIAM OSORIO-RIVAS** | : | |
| also known as Macklin | : | |
| | : | |
| **MELVIN SORTO** | : | |
| also known as Killer | : | |
| also known Fantasma | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

Upon consideration of the government's motion to exclude time under the Speedy Trial Act, any opposition to the government's motion, and the entire record in this case, the Court hereby makes the following findings:

1.  Additional time is necessary for the defense counsel to review the evidence, to determine the appropriate motions to be filed, if any, and to fully prepare the defense for the death penalty protocol that will be conducted by the United States. The Court finds further that, without such additional time, defense counsel would not be able to effectively represent their respective clients at trial.

2. Based on the nature of the prosecution, the possibility of the death penalty being sought by the government, the quantity of evidence, the number of defendants and the language barrier, the Court finds that this case is "complex" within the meaning of 18 U.S.C. § 3161 (h)(8)(B)(ii), and that it is unreasonable to expect adequate preparation for the death penalty protocol, pretrial proceedings, and for the trial itself, within the time limits established by the Speedy Trial Act.

3. Regardless of whether this case is "complex," based upon the investigations that will be conducted by the government and the defense in preparation for the death penalty protocol and trial, the language barrier, the quantity of evidence, and the nature of the prosecution, the Court finds that, pursuant to 18 U.S.C. § 3161 (h)(8)(B)(iv), the failure to provide additional time would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4. Based on the foregoing, the Court finds that the tolling of the Speedy Trial Act serves the ends of justice and outweighs the best interests of the public and the defendants in a speedy trial.

THEREFORE, it is this _____ day of _____, 2008, hereby

ORDERED that, in accordance with 18 U.S.C. §§ 3161 (h)(8)(A), (h)(8)(B)(ii), (h)(8)(B)(iv) and (h)(7), a period of 180 days shall be excluded from the computation of time within which to commence trial. Such period will commence when the last of the 4 defendants charged in this case is brought before this Court for arraignment or after a reasonable period of time as provided by further Order of this Court.

_____
RICHARD J. LEON
UNITED STATES DISTRICT COURT JUDGE