UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELVIN SORTO, )
)
    Petitioner, )
)
v. ) Criminal Case No. 08-167-4 (RJL)
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MEMORANDUM ORDER
February 24, 2022 [Dkt. ## 239, 245]

Petitioner Melvin Sorto ("Sorto") asks this Court to vacate his 2011 conviction for use of a firearm "in relation to any crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A). Because Sorto's conviction is properly predicated on a crime of violence, I will DENY his request.

## BACKGROUND

Sorto was indicted on June 10, 2008 for a bevy of crimes he undertook as a member of the violent criminal gang known as MS-13. *See* Indictment [Dkt. # 3]. After a month-long trial in 2010, a jury convicted Sorto on all nine counts for which he was charged. *See* Verdict Form [Dkt. # 120]. I sentenced Sorto to life imprisonment for murder in aid of racketeering activity and imposed additional prison time for the other counts, including 120 months for the Count he now seeks to vacate: Count V; using a firearm during and in

relation to a crime of violence.[1] *See* Amended Judgment In a Criminal Case [Dkt. # 197] at 3; *accord* Indictment at 13.

On December 27, 2016, Sorto moved this Court to vacate his conviction and sentence on that Count. *See* Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("First 2255 Mot.") [Dkt. # 237]. Sorto's argument was based on two Supreme Court decisions. *First*, in *Johnson v. United States*, the Supreme Court held that a provision defining "violent felony" as "conduct that presents a serious potential risk of physical injury to another"—was unconstitutionally vague. 576 U.S. 591, 594, 606 (2015) (citing 18 U.S.C. § 924(e)(2)(B)). *Second*, in *Welch v. United States*, the Supreme Court held the following year that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." 578 U.S. 120, 135 (2016). Sorto argued that I should therefore vacate his conviction under 18 U.S.C. § 924(c)(1)(A) because it is based on a similar clause used to define "crime of violence." *See* First 2255 Mot. at 7–9, 13–15; *accord* 18 U.S.C. § 924(c)(3)(B). On January 10, 2017, I denied Sorto's motion as untimely.[2] *See* Memorandum Order ("Mem. Order") [Dkt. # 238].

On February 8, 2017, Sorto moved for reconsideration. *See* Petitioner's Motion for Reconsideration [Dkt. # 239]. On June 7, 2017, the Government filed a response in which

---

[1] After the D.C. Circuit instructed me to vacate Sorto's conviction on Count Six—using a firearm to commit assault with a dangerous weapon—Count Five is his only remaining conviction for violating 18 U.S.C. § 924(c)(1)(A). *See United States v. Cordova*, 11-3034, Judgment at 4 (D.C. Cir. 2015); *accord* Order to Amend Judgment [Dkt. # 235].

[2] Sorto had claimed that his motion "[wa]s timely under 28 U.S.C. § 2255(f)(3)" because "[t]he Supreme Court decided *Johnson* on June 26, 2015, and Mr. Sorto filed his claim within a year of that date." First 2255 Mot. at 15. I rejected this argument after noting that Sorto filed his motion on "December 27, 2016, more than a *year and a half* after *Johnson* was decided on June 26, 2015." *See* Mem. Order at 2.

2

it agreed that Sorto's motion was timely but opposed reconsideration on the grounds that Sorto did not present cause for his failure to raise the *Johnson* argument on direct appeal.[3] *See* United States' Response to Defendant's Motion for Reconsideration [Dkt. # 244].

In 2019, Sorto filed an additional motion to vacate his Count Five conviction in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which declared unconstitutional the residual clause defining "crime of violence" in 18 U.S.C. § 924(c)(3)(B).[4] *See* Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. # 245]; *accord* Letter [Dkt. # 246]. In a supplemental brief filed on August 13, 2020, Sorto argued that his conviction was improperly based on this unconstitutional residual clause. *See* Supplemental Brief In Support of Motion to Reconsider Pursuant to F.R.CIV. 59 and Motion to Vacate Under 28 U.S.C. § 2255 ("Def. Supp. Br.") [Dkt. # 247]. On November 30, 2020, the Government filed a response in which it argued that (1) Sorto had failed to show cause for his failure to raise this argument on direct appeal, and (2) on the merits, Sorto's conviction would stand because his predicate violation—murder—would satisfy the still-constitutional elements clause of "crime of violence." *See* Government's Opposition to Defendant's Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("Gov. Opp.") [Dkt. # 251]. Sorto filed a reply on February 16, 2021. *See* Movant's Traverse Opposition to Government's Response to His 28 U.S.C. § 2255 Motion [Dkt. # 254].

---

[3] I agree that Sorto's 2016 motion was timely under 28 U.S.C. § 2255(f)(1), but, because I find the motion itself meritless, *see infra*, reconsideration is nevertheless inappropriate.

[4] Sorto's motions technically ask the Court to set aside all of his convictions, but Count Five is his only conviction premised on having committed a "crime of violence."

3

## DISCUSSION

Under 28 U.S.C. § 2255, a "prisoner in custody" may "move the court . . . to vacate, set aside or correct [his] sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States[.]" As such, I will first consider whether Sorto's motions are procedurally valid and second whether they are meritorious.

### A.   Procedural Default

Where, as here, "a convicted defendant fails to raise a challenge to his conviction or sentencing on direct appeal, that claim is deemed to be procedurally defaulted and may be raised in habeas only if the defendant establishes either (i) 'cause' for the default and 'actual prejudice' resulting from the alleged violation, or (ii) his "actual innocence." *United States v. Hicks*, 911 F.3d 623, 627 (D.C. Cir. 2018) (citations and alterations omitted); *accord United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008). Because Sorto does not assert actual innocence, he must show "cause" and "actual prejudice." *See id.*

The Government contends that Sorto cannot show cause, *see* Gov. Opp. at 7–9, but I disagree.[5] A litigant may show cause "where a constitutional claim is so novel that its legal basis [wa]s not reasonably available to counsel[.]" *Reed v. Ross*, 468 U.S. 1, 16 (1984). Where the Supreme Court announces a new constitutional principle by "explicitly overrul[ing] one of [its] precedents," "there will *almost certainly* have been no reasonable basis" to make such a claim. *Id.* at 17 (emphasis added). *Johnson* is such a case. *See*

---

[5] The Government halfheartedly asserts that Sorto has also not shown prejudice because "there is no merit to his claim," Gov. Opp. at 9, but courts are to "assume for purposes of analysis that there was [an] error . . . and ask whether that error resulted in actual prejudice[.]" *United States v. Pettigrew*, 346 F.3d 1139, 1145 (D.C. Cir. 2003).

4

*United States v. Hammond*, 354 F. Supp. 3d 28, 43 (D.D.C. 2018) (Howell, C.J.) ("Sure enough, *Johnson* overruled two of the Supreme Court's prior rulings."); *accord United States v. Redrick*, 841 F.3d 478, 480 (D.C. Cir. 2016) ("[N]o one—the government, the judge, or the appellant—could reasonably have anticipated *Johnson*."). In fact, every judge on this Court to consider this issue has "rejected the government's repeated effort[s] to foreclose through procedural default habeas motions seeking the benefit of *Johnson*." *Hammond*, 354 F. Supp. at 43 (BAH) (collecting cases); *accord United States v. Carter*, 422 F. Supp. 3d 299, 310 (D.D.C. 2019) (Huvelle, J.) (noting "widespread agreement"). Because the Government does not address—must less rebut—my colleagues' opinions, I once again "agree with their thorough analyses and thus will not spill any additional ink rejecting the Government's claim of procedural default." *United States v. West*, 314 F. Supp. 3d 223, 229 n.4 (D.D.C. 2018) (Leon, J.).

**B.  Merits**

After the Supreme Court's decision in *Davis*, an offense constitutes a "crime of violence" only if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A). To determine whether an offense meets this definition—often called the "elements clause"—I "apply the categorical approach," under which I must "view the crime in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *United States v. Carr*, 946 F.3d 598, 601 (D.C. Cir. 2020) (citations and quotations omitted). In addition, courts employ a "modified categorial approach" where a "statutory offense is 'divisible.'" *United States v. Sheffield*, 832 F.3d 296, 314

(D.C. Cir. 2016). "A statute is divisible if it lists potential offense elements in the alternative[.]" *Id.* (citations, quotations, and alterations omitted). In this situation, a court may "examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 262 (2013).

The predicate offense for Sorto's Count Five conviction—*i.e.*, the "crime of violence" in which Sorto used a firearm—is murder under the Violent Crimes In Aid of Racketeering ("VICAR") statute.[6] The VICAR statute is divisible "on its face" because each of its "statutory alternatives carry different punishments[.]" *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016); *accord Manners v. United States*, 947 F.3d 377, 379–80 (6th Cir. 2020) (holding that VICAR statute is divisible). Thus, under the modified categorical approach, the inquiry before me is whether VICAR murder satisfies the elements clause.[7] *See* Indictment at 13, 10–11.

---

[6] *See* Indictment at 13 (Count Five explaining that the crime in which firearm was used is "charged in Count 2 of th[e] Indictment"), 10–11 (Count Two alleging that "the defendants, unlawfully and knowingly murdered a rival gang member"); *United States v. Cordova*, 11-3034, Joint Appendix at 1003, 1006–07 (D.C. Cir. 2015) (transcript of jury instructions) ("The essential elements of using, carrying and possessing a firearm during and in relation to a crime of violence . . . are as follows: Number one, that the defendants committed the elements of a crime of violence prosecutable in Federal Court, to wit, murder in aid of racketeering, as set forth in Count 2 of the indictment[.]"); Verdict Form at 1–2.

Sorto has repeatedly insisted that the predicate offense for his Count Five conviction was conspiracy, *see* First 2255 Mot. at 4, 9–13; Def. Supp. Br. at 7, but these documents could not be clearer. *Accord United States v. Woods*, 14 F.4th 544, 552–53 (6th Cir. 2021) (rejecting argument that § 924(c) conviction was "predicated on a conspiracy charge" where "[b]oth the indictment and jury instructions ensured that the jury knew the predicate offenses were VICAR attempted murder and VICAR assault with a deadly weapon"). Additionally, it is irrelevant that Sorto was charged for aiding and abetting. Under federal law anyone who aids or abets an offense "is punishable as a principal." 18 U.S.C. § 2(a). "Therefore, aiding and abetting a crime of violence is also categorically a crime of violence." *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021) (collecting cases).

[7] Because the VICAR statute does not define its offenses, courts have employed two methodologies to determine whether a VICAR conviction satisfies the elements clause. Some have applied the categorical

6

I find that it does and hold that VICAR murder is a crime of violence. By its plain terms, the VICAR statute prohibits committing "murder" either (1) in exchange for "anything of pecuniary value from an enterprise engaged in racketeering activity," or (2) "for the purpose of gaining entrance to or maintaining or increasing position in" such an enterprise. 18 U.S.C. § 1959. I have no trouble concluding that killing someone at the behest of—or to curry favor with—an illegal enterprise is categorically a crime of violence.[8] *See, e.g.*, *Moz-Aguilar v. United States*, No. CV 21-9633, 2022 WL 73514, at *3 (D.N.J. Jan. 7, 2022) ("[M]urder in aid of racketeering . . . is clearly a crime of violence under the elements clause."); *Reyes v. United States*, No. 2:11-CR-77, 2020 WL 4194147, at *3 (N.D. Ind. July 21, 2020) (same); *Lugo v. United States*, No. 01-CR-922, 2021 WL 6883419, at *4 (E.D.N.Y. May 14, 2021) (same); *Battle v. United States*, No. 3:14-CV-

---

approach to the state-crime predicate underlying the VICAR conviction, reasoning that the jury necessarily found that the defendant violated this predicate to return the VICAR conviction. *See, e.g.*, *United States v. Toki*, 23 F.4th 1277, 1280–81 (10th Cir. 2022); *Moore v. United States*, No. 16-3715-PR, 2021 WL 5264270, at *2 (2d Cir. Nov. 12, 2021); *United States v. Mejia-Quintanilla*, 859 F. App'x 834, 836 (9th Cir. 2021); *United States v. Mathis*, 932 F.3d 242, 264–65 (4th Cir. 2019); *accord Hall v. United States*, No. 3:20-CV-00646, 2021 WL 119638, at *8–*10 (M.D. Tenn. Jan. 13, 2021) (collecting cases). But others have applied the categorical approach to the VICAR conviction itself, relying on the generic federal elements of the offenses enumerated in the VICAR statute. *See, e.g.*, *Manners v. United States*, 947 F.3d 377, 379–82 (6th Cir. 2020); *Kinard v. United States*, No. 3:21-CV-00161-GCM, 2021 WL 5099596, at *4–*5 (W.D.N.C. Nov. 2, 2021); *Thomas v. United States*, No. 2:11-CR-58, 2021 WL 3493493, at *6 (E.D. Va. Aug. 9, 2021); *Cousins v. United States*, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016). These approaches are not mutually exclusive, and both are consistent with the VICAR statute. *Cf. In re Thomas*, 988 F.3d 783, 791–92 (4th Cir. 2021).

[8] Indeed, to conclude that "murder" proscribed by a statute prohibiting "violent crimes in aid of racketeering activity" is not a "crime of violence" would require the type of "excessive legal imagination" against which the Supreme Court has cautioned. *See Redrick*, 841 F.3d at 484–85 (citations and quotations omitted); *accord Moore*, No. 16-3715, 2021 WL 5264270, at *2 (rejecting argument that VICAR murder was not a crime of violence based on "purely hypothetical" convictions); *United States v. Walton*, No. 1:16-CR-145, 2018 WL 7021860, at *3 (N.D. Ga. Nov. 5, 2018) (magistrate report and recommendation) ("It is difficult to conceive of a situation where a person could kill with a motive to aid a racketeering organization but without the intentional or active use of physical force.").

01805, 2021 WL 1611917, at *8 (M.D. Tenn. Apr. 26, 2021) (finding it "now well-established that generic murder" contemplated by the VICAR statute "satisf[ies] the use-of-force clause."); *Cousins v. United States*, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016); *accord In re Irby*, 858 F.3d 231, 234–37 (4th Cir. 2017) ("Common sense dictates that murder is categorically a crime of violence under the force clause.").

## CONCLUSION

Because Sorto's murder conviction is a "crime of violence," both of his motions are meritless. For all of the foregoing reasons, it is hereby **ORDERED** that:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Dkt. # 245] is **DENIED**; and

2. Petitioner's Motion for Reconsideration [Dkt. # 239] is **DENIED.**

RICHARD J. LEON
United States District Judge